**TROUTMAN SANDERS LLP**
Stephen J. Steinlight
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
*Attorneys for Defendant Portfolio Recovery Associates, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TODD M. NORTH, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> -v- <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No.: |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, hereby removes this civil action, pending in the Superior Court of New Jersey for the County of Essex, Law Division, Docket No. ESX-L-5765-19 (the "State Court Action"), to the United States District Court for the District of New Jersey. Removal is proper because this Court has subject matter jurisdiction over the action under diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, PRA removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND

1.  Pursuant to Local Rule 10.1(a), the addresses of the named parties are as follows:

    a.  Plaintiff Todd M. North ("Plaintiff") is a citizen of the State of New Jersey. *See Complaint* at ¶ 9.

    b.  Defendant PRA is a corporation located at 120 Corporate Boulevard Norfolk, Virginia, 23502.

    c.  PRA is unaware of the addresses of the fictious defendants.

2.  Plaintiff commenced the State Court Action against PRA by filing a Complaint in the Superior Court of New Jersey for the County of Essex, Law Division, on August 6, 2019 (the "Complaint"). A copy of all process, pleadings, and orders served on PRA is hereto as **Exhibit A**.

3.  Following this lawsuit being filed, PRA was personally served with the Complaint via the Corporation Service Company, its registered agent, on August 14, 2019.

4.  This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

5.  The above-captioned class action is a suit for damages, declaratory and injunctive relief, and restitution, for alleged violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.* ("CFA"), and the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C, *et seq.* ("CFLA").

6.  In its Complaint, Plaintiff seeks to represent a class of New Jersey consumers with respect to all three of its alleged counts. (Compl. ¶ 41.)

## II. DIVERSITY JURISDICTION

7.  This Court has original diversity jurisdiction over Plaintiffs' lawsuit pursuant to 28 U.S.C. § 1332.  Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  All requirements for such jurisdiction are met.

8.    This Court also has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, which states that diversity jurisdiction is appropriately exercised over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."

9.    Upon information and belief, Plaintiff and the putative class members are citizens of the State of New Jersey. (Compl. ¶¶ 9, 41).

10.    PRA is a limited liability company formed under the laws of the state of Delaware. The sole member of PRA is PRA Group, Inc., which is incorporated under the laws of the state of Delaware with its principal place of business in Norfolk, Virginia.  Accordingly, PRA is not a citizen of New Jersey for diversity jurisdiction purposes. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

11.    Regarding the fictitious defendants named in this action, 28 U.S.C. § 1441(b) states, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

12.    In his Complaint, Plaintiff "seeks to recover statutory damages, actual damages, restitution and attorney's fees and costs on behalf of himself and all subclass members under the claims asserted herein." (Compl. ¶ 43). Additionally, Plaintiff seeks to recover "treble damages under the CFA, a refund of all moneys collected under the CFA, attorneys' fees and costs under

the CFA, pre-judgment and post-judgment interest, and other relief the Court deems equitable and just." (Compl. ¶ 76.)

13.     Regarding the amount-in-controversy requirement, within the applicable statute of limitations, PRA, directly or indirectly, has collected in excess of $75,000 from natural persons with addresses in the State of New Jersey.

14.     Plaintiff and the putative plaintiffs seek to enforce a common interest in that they have requested a permanent injunction against PRA prohibiting it from making any further attempts to enforce New Jersey consumers' accounts, including an injunction against any attempt to collect upon, enforce or assign the account contracts, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the accounts.

15.     Plaintiff's and the putative class' claims are subject to aggregation to satisfy the amount-in-controversy requirement because the class members are suing jointly to enforce a common title or right in which they have a common and undivided interest. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973) ("When several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.")

16.     Diversity jurisdiction exists over this action because the amount in controversy, as expressed in Plaintiff's Complaint, exceeds $75,000, and because the Plaintiff and PRA are citizens of different states. Accordingly, this case is properly removable to this Court.

## III. VENUE

17.     Venue is proper in this Court because this district and division encompass the Superior Court of New Jersey for the County of Essex, Law Division, Special Civil Part, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

## IV. NOTICE

18.     Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey for the County of Essex, a copy of which is attached hereto as **Exhibit B**.

19.     Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

20.     PRA reserves the right to amend its Notice of Removal.

21.     If any questions arise as to the propriety of the removal of this action, PRA requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, PRA hereby removes this action to this Court.

Dated: September 13, 2019             By: */s/ Stephen J. Steinlight*
New York, New York                    Stephen J. Steinlight
                                      875 Third Avenue
                                      New York, New York 10022
                                      Telephone: (212) 704-6008
                                      Facsimile: (212) 704-6288
                                      Email: stephen.steinlight@troutman.com

                                      *Attorney for Defendant*
                                      *Portfolio Recovery Associates, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of September 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent, via FedEx Overnight Mail, to the following party.  Service of the foregoing was within the time prescribed by the Rules of the Court.

> Yongmoon Kim
> Kim Law Firm LLC
> 411 Hackensack Avenue, Suite 701
> Hackensack, New Jersey 07601

I certify that I am not aware of the claims specifically asserted in the Complaint being the subject of any other action pending in this Court. PRA reserves its right to seek arbitration in this matter.

> */s/ Stephen J. Steinlight*
> Stephen J. Steinlight

40133504